**HUMPHRYS et, Plaintiffs-Appellants, v. WINOUS COMPANY et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23285.   Decided March 16, 1955.

66

Thompson, Hine & Flory, Cleveland, for plaintiffs-appellants.
Horace Andrews, Cleveland, for defendants-appellees.

## OPINION

By SKEEL, J:

This appeal comes to this Court on questions of law from a judgment entered in the Common Pleas Court of Cuyahoga County wherein the plaintiff prayed for a declaratory judgment.

The action seeks to determine the rights of the plaintiff as minority stockholder, at an annual meeting of the stockholders, with respect to a resolution amending the code of regulations to provide three-year terms for directors instead of one-year terms as was provided by the code of regulations when the meeting was called and providing that such terms should be staggered so that one director will be elected at each annual meeting thereafter, under the provisions of §1701.64 R. C., thus preventing the plaintiff by the use of cumulative voting, under the provisions of §1701.58 R. C., as a minority stockholder, owning and representing in excess of forty percent of the issued and outstanding stock of said company, from having representation on the board of directors.

The case was tried on stipulations of fact. These stipulations withdraw from plaintiff's petition all allegations of fact beginning with the second full paragraph on the second page, through and including page seven. The remaining allegations of the petition are that plaintiffs, together, own or have the voting rights to 536 shares of The Winous Company, equal to more than forty percent of the issued and outstanding stock of said company.

That the purpose of the corporation is the ownership and management of The Winous Building and the Point Building known as 1258 and 1270 Euclid Avenue, respectively, in the City of Cleveland, and that the plaintiff, Julian Humphrys, has been a director since the reorganization of the corporation in 1945.

The annual meeting of the stockholders was held January 18, 1954, attended by Julian Humphrys, in person, and the other plaintiffs, by proxy,—The code of regulations providing that there shall be three directors elected annually for a term of one year. Written notice of the annual meeting was properly sent to the shareholders stating that the business of the meeting would be the election of directors and such other business as could properly come before the meeting but the notice did not contain a statement that it would be proposed that the code of

regulations be amended to provide for classification of directors and fixing their respective terms to be three years, although the law of Ohio and the code of regulations require such notice, if consideration is to be given to amendments of the regulations at the annual meeting.

At the meeting of the stockholders at 10 A. M. January 18, 1954, an election of directors was held and Mildred A. Putnam, Horace Andrews and Stewart Anthony were elected to the board. The meeting was then recessed until 2:30 P. M., of that day at which time the code of regulations was amended by resolution adopted by the vote of the stockholders other than the plaintiffs, who refused to vote and who at that time protested the consideration of the resolution. The resolution as adopted provides:

"Resolved, that Article I, Section 1 of the Code of regulations of The Winous Company be amended so as to provide that the directors of the company shall be three in number; that each director after those elected at this meeting, shall hold office for a period of three years; that said three directorships respectively be designated by classes, "class A" "class B," and "Class C;" that in order to implement said continuity the first Class A director shall hold office for a term of one year from January 18, 1954, and thereafter, the Class A director shall hold office for the customary three year term above established; that the first Class B director shall hold office for a term of two years from January 18, 1954, and thereafter the Class B director shall hold office for the customary three year term above established, and that the first Class C director shall hold office for three years from January 18, 1954 and thereafter the Class C. director shall hold office for the customary three year term above established; provided that anything above stated to the contrary notwithstanding, each person who is or shall hereafter becomes a director the The Winous Company shall hold office until his successor to such class of directorship shall have been duly elected and qualified."

Thereafter, a resolution was passed by the shareholders in which the plaintiffs did not participate and entered their protest rescinding the election previously held and elected the defendants, Stewart Anthony, Horace Andrews and Mildred A. Putnam to one, two and three year terms respectively.

The plaintiffs then allege that the election which took place in the morning, having been duly set aside, and that the alleged or purported election in the afternoon being contrary to law, the old directors continue in office until their successors are elected and qualified.

The plaintiffs pray that the resolution amending the code of regulations be determined to be invalid, the purported election of directors upon the authority of its provisions be declared contrary to law, and that the court order a special meeting of the shareholders to elect directors until the next annual meeting and such further equitable relief that may be proper.

The defendants filed an answer admitting some of the plaintiff's allegations of fact and denying others. There are, however, no questions of fact in dispute because of the stipulation of facts agreed to by the parties and filed with the papers in the case.

It is agreed that the annual meeting was called for January 18, 1954, the notice being as follows:

"Notice is hereby given that the annual meeting of the shareholders of The Winous Company will be held on Monday, January 18, 1954 at 10 o'clock A. M., at the office of the company 1258 Euclid Avenue, Cleveland, Ohio, for the purpose of the election of directors of the company and for the transaction of such other business as may come before the meeting."

It is also agreed that Article I of the code of regulations provided, at the time the meeting was called on January 18, 1954, for three directors whose terms should be one year and that such directors could serve only so long as they were stockholders. Article III provides for the calling of meetings of the stockholders the annual meeting to be held on the third Monday in January of each year. The Code of regulations provided for the notices to be given and under what circumstances a special meeting could be called providing further that when a special meeting is called, the purpose or business to be transacted shall be stated and that no other business shall be transacted at such special meeting without the consent of all stockholders. No such provision is found in the code of regulations as to the business to be transacted at the annual meeting.

Article VIII of the regulations dealing with amendments to the articles as shown by the stipulation, provides:

"The code of regulations may be amended or repealed at any annual meeting of the stockholders or at a special meeting called for that purpose by a vote of the holders of at least a majority of the capital stock."

The minutes of the meeting, which are a part of the stipulations of fact, show that after nominations for directors, the plaintiffs having failed to give notice for the right to cumulate their votes, 766 votes, or more than a majority of the votes as shown by the issued and outstanding stock, were case for Mrs. John B. Putnam, Horace Andrews and Stewart Anthony—Julian Humphrys receiving 536 votes, whereby Mrs. Putnam, Mr. Andrews and Mr. Anthony were declared elected.

After the election of directors, the meeting was adjourned until 2:30 P. M. at Mr. Humphry's request, because the financial statement was not then available. At the afternoon session, the stockholders passed the resolution hereinbefore set forth providing for classification of directors. The plaintiffs did not vote on this resoluton. Upon the passage of such proposal by a vote of 766 votes a further resolution was passed by the same number of votes which provides:

"Resolved, that of the directors heretofore earlier in this meeting already elected, Mr. Stewart Anthony be designated and appointed the first Class A director; Horace Andrews be designated and appointed the first Class B director, and Mildred A. Putnam be designated and appointed the first Class C director."

It is clear from the foregoing facts that by the code of regulations the stockholders were empowered to amend the code of regulations at any annual meeting and that it was unnecessary to state such purpose in the notice of the meeting. The action of the trial court in holding

the resolution for classification of directors and the appointment of the newly elected directors into the various classifications for naught, because of the failure to give notice of such proposal in the notice calling the meeting, although erroneous, when placed upon that ground, has not been presented to this court by cross-appeal and therefore we will not pass on the question.

The only question presented by this appeal is whether or not the stockholders by amending the code of regulations may adopt an amendment classifying the directors as to their terms of office under §1701.64 R. C. (where the number of directors provided for by the code of regulations is three), so that the right to vote cumulatively under the provisions of §1701.58 R. C. is completely nullified. The history of these sections must, therefore, be examined. In 1927 the legislature of Ohio recodified the corporation code, the general provisions of the act being designated as §§8623-1 to 8623-138 inclusive, GC. The sections of this code dealing with cumulative voting and classification of directors were §§8623-50 and 8623-55 GC. Prior to 1927 the section dealing with cumulative voting was §8636 GC which provided:

"Conduct of Election: Voting: At the time and place appointed, directors shall be chosen by ballot, by the stockholders who attend either in person or by lawful proxies. At such and all other elections of directors, each stockholder shall have the right to vote in person or by proxy the number of shares owned by him for as many persons as there are directors to be elected, or to cumulate his shares and give one candidate as many votes as the number of directors multiplied by the number of his shares of stock equals, or to distribute them on the same principle among as many candidates as he thinks fit. Such directors shall not be elected in any other manner. A majority of the number of shares shall be necessary for a choice, but no person shall vote on a share on which an installment is due and unpaid."

Prior to 1927, there was no provision in the corporation code for classification of terms of directors, nor was there a provision prohibiting a corporation from restricting or qualifying the right to cumulative voting by by-law or code regulation. As contained in the corporation code of 1927, §8623-50 GC, in dealing with cumulative voting, provided:

"* * *If notice in writing shall be given by any shareholder to the president or a vice-president of a corporation not less than twenty-four hours before the time fixed for holding a meeting for the election of directors, that he intends to cumulate his votes at such election, and if an announcemnt of the giving of such notice is made upon the convening of the meeting, each shareholder shall have the right to cumulate his shares and to give one candidate as many votes as the number of directors multiplied by the number of his shares equals, or to distribute them on the same principle among as many candidates as he sees fit. **Such right to vote cumulatively shall not be further restricted or qualified by any provisions in the articles or regulations.**" (Emphasis added.)

This is the first time that the part of the section emphasized came into the statute of Ohio. In the same act (Senate Bill No. 11) §8623-55 GC in part provided:

"* * * The articles or regulations may provide that directors be divided

into two or more classes whose terms of office shall expire at different times but no term shall continue longer than three years * * *."

This is the first time the right to classify directors as to terms became a part of the corporation code of Ohio.

Sec. 8623-55 GC was amended in 1929 so that the part above quoted provided:

"* * * The articles or regulations may provide that the directors be divided into two or more classes whose terms of office shall expire at different times and may fix the terms of office of the directors or any class of directors at not more than three years from date of election and until the election and qualification of their successors.

"Unless the articles or regulations otherwise provide, the directors of a corporation shall hold office for one year and until their successors are chosen and qualified, subject however, to the provisions of this act as to the creation of vacancies."

This part of §8623-55 GC by amendment in 1949 became §8623-55a GC and provides:

"Unless the articles or regulations otherwise provide, the directors of a corporation shall hold office for one year and until their successors are elected, subject, however, to the provisions of this act as to vacancies in the board of directors.

"The articles or regulations may provide for the term of office of all of the directors, or, if classified upon the basis of the expiration of the terms of office of the directors, of each class thereof, provided, however, that no term shall be fixed for a period of more than three years from the date of election and until the election of successors."

In the 1949 amendment of the corporation code, that part of §8623-50 GC above quoted became §8623-50a GC and provided:

"* * *

"If notice in writing is given by any shareholder to the president or a vice-president or the secretary, not less than twenty-four hours before the time fixed for holding a meeting for the election of directors, that he desires that the voting at such election shall be cumulative, and if an announcement of the giving of such notice is made upon the convening of the meeting by the chairman or secretary or by or on behalf of the shareholder giving such notice, each shareholder shall have the right to cumulate such voting power as he possesses and to give one candidate as many votes as the number of directors to be elected, multiplied by the number of his votes equals or to distribute his votes on the same principle among two or more candidates, as he sees fit. Such right to vote cumulatively shall not be restricted or qualified by any provisions in the articles or regulations."

From the history of these actions, it is to be noted that the prohibition against enacting code regulations restricting cumulative votes and the section providing for classification of directors were brought into the corporation code of Ohio in the same act, and with the exception of minor changes in phraseology by subsequent amendments have continued together in the statutes dealing with corporate organization and management for over 28 years. They are now §§1701.58 and 1701.64 respectively, R. C.

A case somewhat similar but not directly in point has just been decided by the circuit court of Illinois. In the case of Wolfson v. Avery, decided Feb. 1, 1955, the history of cumulative voting in Illinois and the reason such right was written into the Constitution of the State is considered. The case is not in point here because the right of stockholders to exercise cumulative voting is provided for by Article XI, Section 3 of the Constitution of Illinois, while classification of directors is provided for in Section 35 of the Illinois Business Corporation Act. The court said in part:

"That the convention's fears were prophetic was demonstrated at the very first session of the Assembly following the adoption of the Constitution. The measure which was adopted, if valid, would have effectively defeated the constitutional guarantee. It authorized staggered terms and the reduction of the governing board to three directors, thus making it possible for the majority to elect all three by the simple process of choosing only one at a time. Of course, this was unconstitutional and the argument of counsel for defendants that this legislative interpretation was acquiesced in for 82 years is no answer to it. * * * The argument that the constitutional provision is satisfied when a minority of a minority is accorded some representation on the board is fallacious. The most reasonable construction of Section 3 of Article XI is that the first portion of it in no way relates to the manner of holding elections. It simply guarantees to every stockholder the right to vote (a) for the number of shares of stock (common or preferred) owned by him, (b) in person or by proxy, and (c) for as many persons as there are directors or managers to be elected. The words 'to be elected' are employed merely to identify the 'persons' in respect of whom the voting rights are assured. State constitutions are limitations and not grants of power, therefore this part of the section does not take from the legislature the right to authorize or require staggered elections. The second part of the section—that which follows the words 'to be elected'— relates to the manner of electing directors. It guarantees to each stockholder the choice between straight and cumulative voting as well as the enjoyment of maximum voting strength proportionate to his share holding.

" 'Classification of directors and their election for staggered terms defeats that guarantee.' "

The question before us is one of statutory construction. Under the undisputed facts in this case, if the section providing for classification of directors is construed without limitation, its provisions would completely nullify the right of cumulative voting if there are to be but three directors holding three year terms, such terms beginning in successive years, and if the cumulative voting section is given its full meaning, then the code regulations classifying directors could not be enforced where in doing so the advantages of cumulative voting by minority stockholders would be nullified.

When the sections to be construed with relation to each other are in the same act, it is the duty of the court to look to the entire act to determine the legislative intent. If by reasonable construction the provisions of an act can be harmonized so that all parts of the act can be

given the effect intended by the legislature, it is the duty of the court to give such construction to the seemingly inconsistent provisions of the act. Where the provisions to be construed are in the same act, the court cannot apply the theory of repeal by implication which is applicable when the provisions of an act subsequent in time of passage cannot be harmonized with other then existing statutory provisions.

In 37 O. Jur., page 606, dealing with statutory construction, paragraph 334 provides:

"An act under consideration should be construed in its entirety. That is to say, the entire act should be examined and considered as a whole. No provision or part thereof can properly be disregarded in the construction of the statute. To the contrary, every part of the statute should be regarded in connection with the act of which it forms a part, so that all parts should be read together. The sense in which particular words, phrases, or clauses are used is to be ascertained from a view of the whole statute, rather than from isolated passages, except, perhaps, when such passages reach the entire subject matter of the controversy."

In the case of **Cochrel v. Robinson, 113 Oh St 526,** the fourth paragraph of the syllabus states the rule as follows:

"4. In the construction of a statute the primary duty of the court is to give effect to the intention of the legislature enacting it. Such intention is to be sought in the language employed and the apparent purpose to be subserved, and such a construction adopted which permits the statute and its various parts to be construed as a whole and give effect to the paramount object to be attained."

The right of a shareholder in an Ohio corporation to cumulate his vote has been provided by statute in this state for more than fifty years. The legislature in adopting the revision of the statute dealing with corporate organizaton in 1927, showed clearly that it intended to strengthen the cumulative voting provision by adding to existing law the provision that a corporation cannot restrict cumulative voting by its articles or code of regulations. And when in the same act the legislature, for the first time provides that there may be classfication of directors when provided for by its code of regulations, it could not have been intended that the exercise of such right could be so used as to nullify the right of cumulative voting. When the minimum number of three directors is provided for, and their terms of office are for three years, one to be elected each year, the right to cumulative voting is, in such case, completely nullified. Such a "Code of Regulation" provision under the agreed facts in this case, is in direct conflict with §1701.58 R. C. and is therefore, as to the Winous Company as organized under its present code of regulations, invalid.

Where there are two provisions of a statute in seeming conflict, one of a general nature and the other a specific provision, the specific provision will be held to modify, insofar as necessary, the general provisions to give the full effect intended by the specific provision. **Elliott Co. v. Connor, 123 Oh St 310; Distributing Co. v. Galsworthy, 148 Oh St 567.** Here the provision as to classification of directors is general in character while that part of §1701.58 R. C. prohibiting the attempt to restrict cumulative voting by code regulation is specific in character and there-

fore restricts or modifies the applicability of the provisions of §1701.64 R. C.

The judgment of the trial court is therefore reversed and final judgment entered for appellant, as should have been the entry in the trial court on the undisputed facts, declaring that the resolution, attempting to classify the directors of the Winous Company under a by-law or code regulation, is invalid as in conflict with §1701.58 R. C. Exceptions. Order see journal.

KOVACHY, PJ, HURD, J, concur.